UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PERCY GREEN, II, | ) |
|     Plaintiff, | ) |
| vs. | ) Case No. 4:06CV1667RWS |
| STATE OF MISSOURI, OPERATING AS THE ST. LOUIS, MISSOURI POLICE DEPARTMENT, et al., | ) |
|     Defendants. | ) |

# **MEMORANDUM AND ORDER**

In a seventeen count complaint, Plaintiff Percy Green, II has sued more than twenty-five defendants for violations of his constitutional and statutory civil rights and the Missouri common law concerning his arrest at a St. Louis City School Board meeting on November 18, 2003. Defendants Charles McCrary and Kestner Miller ("Defendants") were security officers for the Board of Education at the time of the incident. Green claims Defendants and others improperly arrested him in retaliation for his history of civil rights activities, to dissuade him from exercising his constitutional rights in the future and because of his race.

This matter is before me on Defendants' motion to dismiss Counts IV, V, VI, VII, VIII and XVI. Defendants argue that Green has failed to state a claim for conspiracy to violate Green's civil rights (Count IV) and for intentional infliction of emotional distress (Counts VII and VIII). They also argue that Green's claims for assault and battery (Counts V and VI), intentional infliction of emotional distress (Counts VII and VIII) and malicious abuse of process, false arrest and false imprisonment (Count XVI) are barred by the statute of limitations. Green

argues that he has stated a claim and his complaint was timely filed.

I will dismiss Counts V and VI because they are barred by the statute of limitations and Counts VII and VIII because they are not cognizable under Missouri law. I will deny Defendants' motion to dismiss Counts IV and XVI.

*Background*

In his Complaint, Green alleges the following:

Green is a black man who has engaged in civil rights activities protesting race discrimination for decades. Francis Slay is the mayor of the City of St. Louis. Slay is white. Mayor Slay and a group of other white leaders financially supported and campaigned for a slate of candidates for the St. Louis School Board in Spring 2003. After those candidates were elected to the school board, Green and others attended school board meetings to discuss school board policies. Since the election of those candidates to the school board, no white people have been arrested at school board meetings. About six black people, however, have been arrested at school board meetings. Green was one of them.

On November 18, 2003, Green attended a meeting of the St. Louis School Board. McCrary and Miller, several police officers and members of the school board conspired to arrest Green because of his race, his history of civil rights activities, and to prevent his exercise of free speech and assembly. As Green sat in the audience, he comported himself quietly, made no noise or disruption, and did not speak. Throughout the meeting, Green remained in his seat and did not signal, promote, or request any disruptive behavior from another person. While Green sat quietly and peacefully, Defendants and police officers viciously and violently attacked him, pulled him from his seat and severely handled him on his head, face and body. They injured him

in a degrading manner.  Green did not resist or provoke their actions.

Defendants, acting under color of their authority as school security officers, in joint conspiracy and coordinated action with others, threw Green to the ground.  In doing so, they injured him and caused him mental distress and public embarrassment.  The police officers then took Green to the St. Louis Police Department and charged him with peace disturbance and resisting arrest.  Defendants and the police officers knew the charges were untrue, but made the false charges to cover up and conceal their own improper actions.  Green remained incarcerated for some period of time.

After Green's arrest, the Municipal Court of the City of St. Louis dismissed and acquitted Green of the charges against him.  Slay ordered a white prosecutor to reinstate the charges against him because of Green's race and because he exercised his rights to free speech and assembly.  Green then initiated this lawsuit.

***Legal Standard***

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff.  Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).  To avoid dismissal for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Erickson, 127 S. Ct. at 2200.  Although the specific facts are not necessary, the plaintiff must allege facts sufficient to give fair notice of what the claim is and the grounds upon which it rests.  Id.

*Discussion*

*Count IV - Conspiracy to Violate Green's Constitutional Rights*

Green alleges Defendants conspired with St. Louis City police officers to violate his rights under the First, Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendments to the United States Constitution and his statutory civil rights in violation of 42 U.S.C. §§ 1981, 1983, and 1985. Defendants claim that Count IV of Green's Second Amended Complaint contains a single substantive paragraph that fails to identify the purpose of the underlying conspiracy or "a single act undertaken by Defendants" in furtherance thereof. A review of the pleadings, however, shows that the first paragraph of Count IV incorporates all allegations contained in prior paragraphs.

Defendants argue that Green has failed to allege all the necessary elements to sustain a cause of action for civil conspiracy in violation of Missouri state common law. Green does not allege a cause of action for civil conspiracy in violation of Missouri state common law, however; he alleges that Defendants conspired to deprive him of his rights in violation of federal statute and the United States Constitution.

Defendants also argue that Green has failed to state a claim for conspiracy in violation of § 1985. To state a claim under the equal protection provisions of 42 U.S.C. § 1985,[1] a plaintiff "must allege (1) a conspiracy; (2) for the purpose of depriving another of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the

---

[1] It is not clear which provision of 42 U.S.C. § 1985 Green invokes. Because his complaint does not allege any interference with holding federal office, attending court, testifying, or an attempt to harm him for supporting and advocating in favor of the election of a candidate for federal office, I will assume he basis his claim on the equal protection provisions of § 1985.

conspiracy; and (4) and injury to a person or property, or the deprivation of a legal right." Federer v. Gephardt, 363 F.3d 754, 757–58 (8th Cir. 2004). The plaintiff must also allege a class-based animus. Id. at 758.

Defendants argue that Green failed to allege two elements of conspiracy in violation of § 1985. They claim has Green failed to allege the conspiracy was undertaken for the purpose of depriving Green of the equal protection of the laws, or of equal privileges and immunities under the laws. Defendants also claim that Green has failed to identify "a single act undertaken . . . in furtherance of the alleged conspiracy."

### A. *Purpose of conspiracy*

In Paragraph 11h of Green's complaint, Green alleged that Defendants conspired to arrest him at a St. Louis City School Board meeting on November 18, 2003 because of "his race (Black), his history of lawful engagement in civil rights activities for many decades and his lawful and appropriate exercise of his First Amendment Rights." In Paragraph 24, Green alleges that Defendants participated in the use of force, racial discrimination and retaliation against Green for engaging in, and to prevent him from engaging in, protected civil rights activity. Green has identified the purpose of the conspiracy and has adequately alleged that it was undertaken for the purpose of depriving him of the equal protection of the laws due to his race and as retaliation for his civil rights activities.

### B. *Act in furtherance*

In Paragraph 13, Green alleges that Defendants attacked him and pulled him from his seat. In Paragraph 14, Green alleges Defendants threw him on the ground and injured him. Green has adequately alleged acts taken in furtherance of the conspiracy.

Green has sufficiently stated the purposed of the alleged conspiracy and acts in furtherance of it. As a result, I will deny Defendants' motion to dismiss Count IV.

*Counts V and VI - Assault and Battery*

Green alleges that Defendants, without just cause or provocation, assaulted and battered him when they pulled him from his seat, "severely handl[ed]" him upon his head, face and body, and threw him down onto the ground at the school board meeting on November 18, 2003. Green claims these acts were done with actual malice and indifference to his rights. Defendants argue that Green's claims are barred by Missouri's two-year statute of limitations for assault and battery causes of action. Green counters that Missouri's general five-year statute of limitations applies to civil rights claims under 42 U.S.C. §§ 1983 and 1985.

The statute of limitations is an affirmative defense and must be pled as such, however, "a motion to dismiss may be granted when a claim is barred under a statute of limitations." Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir. 2004). The defense may be claimed under a Rule 12(b)(6) motion to dismiss when it is clear of the face of the complaint that the limitations period has run. Id.; see also Olean Assoc., Inc. v. Knights of Columbus, 5 S.W.3d 518, 521 (Mo. App. 1999) ("A motion to dismiss properly raises the defense of statute of limitations when it is clear from the face of the petition that the action is time barred.").

In Counts V and VI, Green asserts claims for assault and battery, not for violations of his civil rights under §§ 1983 and 1985. Under Missouri law, an action for assault and/or battery must be brought within two years from the time it accrued. Mo. Rev. Stat. § 516.140. Green's claim accrued on November 18, 2003, the day Defendants allegedly pulled him from his seat and threw him to the ground. Green filed his initial complaint on November 17, 2006, more than two

years after his claims for assault and battery accrued. Therefore, his claims are barred by the statute of limitations.

As a result, I will dismiss Counts V and VI of Green's complaint.

*Counts VII and VIII - Intentional Infliction of Emotional Distress*

Green alleges that Defendants' verbal abuse and violence toward him was extreme, outrageous and unjustified and caused him physical and emotional distress and public embarrassment. He also seeks exemplary damages because their acts were done with actual malice, with wanton indifference and deliberate disregard for his rights.

Defendants argue that Green's claims are not cognizable under Missouri law, he has failed to allege all of the necessary elements of an intentional infliction of emotional distress claim, and his claims are barred by the statute of limitations. To state a claim for intentional infliction of emotional distress under Missouri law, a plaintiff must allege "extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm." Gibson v. Brewer, 952 S.W.2d 239, 249 (Mo. 1997). The defendant's conduct "must be intended only to cause extreme emotional distress to the victim." Id. "Intentional infliction of emotional distress requires not only intentional conduct, but conduct that is intended only to cause severe emotional harm." Id. A "claim for intentional infliction of emotional harm will not lie where the alleged conduct is intended to invade other legally protected interests of the plaintiff or intended to cause bodily harm." K.G. v. R.T.R., 918 S.W.2d 795, 799 (Mo. 1996).

Defendants argue that Green's intentional infliction of emotional distress claim is not cognizable under Missouri law. "While recovery for emotional distress caused by battery may be

allowable as an element of damages in a battery action, there is no independent action for intentional infliction of emotional distress where the existence of the claim is dependent upon a battery." Id. at 800.  In this case, Green's claims his emotional distress was caused by Defendants' verbal abuse and violence, which are also the basis for his assault and battery claims.  Therefore, Green has failed to state a separate cause of action for intentional infliction of emotional distress.

Defendants also argue that Green has failed to allege that their conduct was motivated by a desire to cause him extreme emotional distress.  I agree.  Green's complaint states that Defendants' conduct was motivated by his race and a desire to prevent him from exercising his constitutional rights and to retaliate against him for exercising his constitutional rights in the past.  Green alleges that Defendants caused him emotional distress and public embarrassment, but he does not claim Defendants were motivated by a desire to cause him emotional distress.

Finally, Defendants argue that Green's intentional infliction of emotional distress claim is barred by the statute of limitations.  Green contends that Missouri's five-year statute of limitations applies.  Under Missouri law, the statute of limitations for all torts, unless otherwise enumerated, is five years.  Mo. Rev. Stat. § 516.120(4).  The Missouri Supreme Court has, however, held that where "no cause of action for the intentional infliction of emotional harm would exist but for the allegations of the commission of a battery, § 516.140 is the applicable statute of limitations." K.G., 918 S.W.2d at 800.  Section 516.140 requires actions for assault and/or battery to have been brought within two years from the time the action accrued.  Green's claim accrued on November 18, 2003, but he did not file his initial complaint on November 17, 2006.  Therefore, his claims are barred by the statute of limitations.

As a result, I will dismiss Counts VII and VIII of Green's complaint.

*Count XVI - Malicious Abuse of Process, False Arrest, and False Imprisonment*

Green claims Defendants falsely arrested and imprisoned him when they pulled him from his chair and arrested him at the school board meeting on November 18, 2003. Green claims that Defendants knew the charges against him were false and used criminal process against him to intimidate him and to cover up their own wrongdoing. Defendants challenge only Green's charge of false imprisonment as being barred by the statute of limitations. Defendants argue that Green's cause of action accrued at the time of his arrest. Green argues that a cause of action for false imprisonment does not accrue until the prosecution is concluded in the plaintiff's favor by acquittal or final dismissal.

Under Missouri law, "[t]he bar of the running of the applicable statute of limitations is an affirmative defense, requiring the party asserting it not only to plead it, . . . but to prove it, as a matter of law." Townsend v. E. Chem. Waste Sys., 234 S.W.3d 452, 462 (Mo. App. 2007). The defense may be claimed through a motion to dismiss if it is clear from the face of the complaint that the action is barred by the applicable statute of limitations. Olean, 5 S.W.3d at 521.

Under Mo. Rev. Stat. § 516.140, an action for false imprisonment must be brought within two years after the cause of action has accrued. A cause of action for false imprisonment accrues at the time the plaintiff is released from imprisonment. Stafford v. Muster, 582 S.W.2d 670, 680 (Mo. 1979). In Stafford, the Missouri Supreme Court rejected the argument that false imprisonment does not accrue until a judicial determination of the illegality of a physical restraint. Id. Therefore, Green's cause of action accrued at the time he was released from custody. In his complaint, Green states that he "remained incarcerated at the police station for a

period of time," but does not state when he was released from custody. It is not clear from the face of Green's complaint that his action is time-barred. Therefore, I will deny Defendants' motion to dismiss Count XVI without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [#118] is **GRANTED in part and DENIED in part**. Defendants' Motion to Dismiss [#118] is GRANTED as to Counts V, VI, VII and VIII of Green's Complaint. Defendants' Motion to Dismiss [#118] is DENIED as to Counts IV and XVI of Green's Complaint.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2008.